IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CIVIL ACTION C-07-101 |
| | § | CRIMINAL ACTION C-05-374 |
| ROMANUS J. LOUIS, | § | |
| | § | |
| Defendant/Movant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Romanus J. Louis's ("Louis's") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Dkt. Nos. 33, 34.[1] The United States moved for summary judgment and, in the alternative, to dismiss. Dkt. No. 45. After considering the motions, record, and relevant law, the Court is of the opinion that the United States' motion to dismiss should be GRANTED and Louis's motion should be DENIED.

### Background

Louis pled guilty to possession with intent to distribute cocaine. Dkt. No. 31 at 1. He was sentenced to 97 months in prison, five years of supervised release, and a $100 special assessment. *Id.* at 2-5. Louis did not appeal.

### Claims

Louis raises three grounds for relief, all based on ineffective assistance of counsel:

1. Counsel, Mr. William May, solicited a bribe, asking for $30,000 in return for making the case go away;

---

[1] The citations in this Order refer to Criminal Action No. C-05-374.

1

    2. Mr. May inappropriately advised Louis that he should not reveal his true name or identity to the Court; and

    3. Mr. May did not explain the law of "relevant conduct."

## Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

As to ineffective assistance, the prisoner must show objectively deficient performance and resulting prejudice in order to obtain relief. *See Strickland v. Washington*, 466 U.S. 668 (1984).

## Analysis

The government claims that Louis validly waived his right to file any section 2255 motion. It is true that his written plea agreement contained a waiver of section 2255 rights, which was in the same paragraph as his waiver of appellate rights. Dkt. No. 22 at 3. While the transcript of the rearraignment supports the conclusion that Louis's plea and his waiver were knowing and voluntary, he was not specifically questioned by the Court about his section 2255 waiver. In light of the fact that there was a lack of technical compliance with Federal Rule of Criminal Procedure 11(b)(1)(N) in this case as to Louis's waiver of section 2255 rights, the Court will address his claim on its merits,

rather than dismissing it on the basis of the waiver.

Louis's first claim, taken as true, does not state a "complete miscarriage of justice." Louis does not allege that upon his refusal to pay the $30,000, his counsel did a poor job of representing him, or that he would have received a lesser sentence had he accepted counsel's solicitation. Because Louis makes no connection between the Court's treatment of his case and his attorney's alleged improprieties, the first claim fails.

Louis's second claim fails because he cannot pass the responsibility for his choice to lie about his identity to his attorney. Louis, according to his own motion, was represented by two attorneys prior to Mr. May taking over his case. Dkt. No. 33 at 11. Louis does not claim that those two attorneys told him to lie to the court. The decision to conceal his identity, then, was Louis's own. The damage in terms of losing "acceptance of responsibility" credit in sentencing had already been done before Mr. May became his attorney.

Louis's third claim fails as well. "Relevant conduct" was not a factor in his sentencing, so counsel's lack of explanation on the subject is irrelevant.

## Certificate of Appealability

Under 28 U.S.C. § 2253, Louis must obtain a certificate of appealability before he can appeal this Order dismissing his motion. To obtain a certificate of appealability, Louis must make a substantial showing of the denial of a constitutional right. *Cannon v. Johnson*, 134 F.3d 683, 685 (5th Cir. 1998). To make such a showing, Louis must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Order, Louis has not made a substantial showing of the

denial of a constitutional right. The issuance of a certificate of appealability in this action is denied.

## Conclusion

For the foregoing reasons, Louis's Motion Under 28 U.S.C. § 2555 To Vacate, Set Aside, or Correct Sentence is DENIED. A Certificate of Appealability shall not issue.

It is so ORDERED.

Signed this 28th day of October, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE